IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRANT HENLEY AND BENTLEY GLOBAL ARTS GROUP, LLC,<br>  Plaintiffs, | §<br>§<br>§<br>§ | CA. No. 1:20-cv-00504 |
| v. | §<br>§ | JURY DEMANED |
| ANTONY P. BARRETT<br>  Defendant. | §<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Antony P. Barrett ("Defendant"), by and through their undersigned counsel, file this notice to remove the above-entitled action from the 345th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

1.  Plaintiffs Grant Henley ("Henley") and Bentley Global Arts Group, LLC ("BGAG") ("Plaintiffs"), filed their Original Petition and Request for Injunctive Relief in the 345th Judicial District Court, Travis County, Texas, against Defendant on May 6, 2020 alleging a Breach of Fiduciary Duty, Breach of Contract, Declaratory Judgement, Theft and Conversion and Tortious Interference with Contract. *See* Original Petition ¶¶ 31-53. As set out below, Defendant timely removes this action based on diversity of the citizenship of the parties.

## II.
## TIMELINESS AND CONSENT TO REMOVAL

2.  Plaintiffs filed their Petition in state court on May 6, 2020. Defendant had not been formally served with notice but was informally advised of a Temporary Restraining Order proceeding on May 6, 2020. A Notice of Removal is timely if filed within thirty days of the date on which a plaintiff serves the defendant with a copy of the "pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C § 1446(b). Accordingly, this Notice of Removal is timely filed within thirty (30) days of service of the Petition and citation, as is required by 28 U.S.C. §1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

3.  Antony Barrett is the only defendant in this action and, therefore, all named defendants have consented to and joined in this removal.

## III.
## VENUE IS PROPER

4.  Venue is proper in the U.S. District Court for the Western District of Texas, Austin Division, because this district and division includes Travis County, Texas—the location of the pending state court action. See 28 U.S.C. §1441(a) (requiring removal "to the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. §124(b)(2)(the Austin Division of the Western District includes Travis County).

## IV.
## PROCEDURAL REQUIREMENTS

5.      Upon filing this Notice of Removal, written notice of the filing of these removal papers is being given to Plaintiff by the Defendant removing this action. A copy of the Notice of Removal is also being filed with the Travis County 345th Judicial District Court. All required pleadings, process, orders, and other filings in the State Court Action are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a) and Local Rule 81. The Index of Matters Being Filed is appended hereto as Exhibit A, pursuant to the requirements of the Local Rules for the Western District of Texas.

## V.
## BASIS FOR REMOVAL

6.      Diversity jurisdiction provides the basis for removal of this suit to federal court. Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 355 (5th Cir. 2017). "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal citations omitted). Both statutory prerequisites for diversity jurisdiction are clearly present here because Plaintiff is a citizen of Texas, and Defendant is a citizen of California, and the amount in controversy exceeds $75,000. Therefore, this action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

7.      For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Harris v. Black Clawson Co.,* 961 F.2d 547, 551 (5th Cir. 1992) ("Whether diversity jurisdiction exists is determined by examining the

citizenship of the parties at the time suit was filed."). "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019) (*citing Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954)). Plaintiffs' Original Petition states that Plaintiffs both reside in Travis County, Texas. Therefore, Plaintiffs ares domiciled in Travis County, Texas, and are both citizens of Texas for diversity purposes. *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767-68 (5th Cir. 2015).

8. For the purposes of determining removal jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Defendant Antony Berrett is not a resident or citizen of the State of Texas and is a resident of California. Complete diversity of citizenship exists between the parties.

9. The amount in controversy exceeds the sum or value of $200,000.00, exclusive of interest and costs, as the Original Petition seeks monetary relief not in excess of $1,000,000.00. *See* Original Petition ¶ 2; *see also* 28 U.S.C. § 1332(a).

## VI.
## CONCLUSION

10. Having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1446 Defendant Antony Berrett gives notice that D-1-GN-20-002502, previously pending in the 345th Judicial District Court, Travis County, Texas, has been removed to this Court.

                    Respectfully Submitted,

                    ***/s/ Gregg M. Rosenberg***
                    Gregg M. Rosenberg
                    USDC TX No. 7325
                    Texas State Bar ID 17268750
                    gregg@rosenberglaw.com
                    Renee Nguyen
                    USDC TX No. 3146392
                    Texas State Bar ID 24096093
                    renee@rosenberglaw.com
                    ROSENBERG & SPROVACH
                    3518 Travis Street, Suite 200
                    Houston, Texas 77002
                    (713) 960-8300
                    (713) 621-6670 (Facsimile)
                    Attorney-in-Charge for Defendant

OF COUNSEL:
ROSENBERG & SPROVACH                ATTORNEYS FOR DEFENDANT